J-A19016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MURAT GOKALP | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD SWANK AND KRAJACK | : | |
| TANK LINES | : | |
| | : | No. 2468 EDA 2018 |
| | : | |
| APPEAL OF: ALLEN L. FEINGOLD | : | |

Appeal from the Order Entered, August 3, 2018,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s): June Term, 1993; 01363.

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:   **FILED SEPTEMBER 24, 2019**

Former attorney Allen Feingold[1] appeals the order denying his motion for sanctions and civil contempt in this decades-old personal injury action.  We affirm.

The trial court stated the procedural history of this case as follows:

> Allen Fiengold [] was an attorney at the former law firm of Manchel, Lundy, and Lessin.  [Feingold] represented plaintiff Murat Gokalp in the underlying matter, but withdrew as counsel on March 3, 1995.  On July 14, 1995, [] Jospeh Aversa, Esq., entered his appearance on behalf of Murat Gokalp.  The underlying

---

[1] We note with disapproval that Mr. Feingold appeared and argued his case, *pro se*, on August 6, 2019.  The record indicates that Mr. Feingold was represented by counsel.  As such, his  participation in oral argument violated the rule against hybrid representation, and should not have been permitted.  **See Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011).

---

*   Former Justice specially assigned to the Superior Court.

matter in *Gokalp, et al, v. Swank, et al.* was then settled on August 17, 1995.

On July 9, 2018, [Feingold] filed a motion for sanctions and contempt against [Attorney Aversa] claiming that [Feingold] is entitled to attorney's fees and costs relating to his representation of the plaintiff[, Gokalp,] in the underlying matter. [Feingold] further claimed that on March 3, 1995, the court ordered funds placed into an escrow account to cover said attorney's fees and costs. On August 1, 2018 (docketed August 3, 2018), this court denied [Feingold's] motion.

On August 13, 2018, [Feingold] filed a notice of appeal from this court's [August 3, 2018] order…. [Feingold] filed a timely concise statement of [errors complained of on appeal] on September 21, 2018.

Trial Court Opinion, 10/31/18, at 1-2 (unnecessary capitalization omitted).

Feingold presents one question for our review: "Whether the trial court erred in denying [Feingold's] motion for contempt and sanctions in Gokalp's personal injury litigation?"[2] Feingold's Brief at 3.

Preliminarily, "[w]e note that an order denying a petition for civil contempt is immediately appealable." *MacDougall v. MacDougall*, 49 A.3d 890, 892 n.2 (Pa. Super. 2012), *appeal denied,* 75 A.3d 1282 (Pa. 2013) (citation omitted).

Our standard of review from an order denying a petition for civil contempt is as follows: each court is the exclusive judge of contempt against

---

[2] Attorney Aversa requested in his appellate brief that this Court dismiss this appeal because Feingold failed to file a Reproduced Record. Because the underlying record was destroyed in 2006, and we resolve the issue on the merits in favor of Attorney Aversa anyway, we decline to dismiss on this basis.

its process.  ***G.A. v. D. L.***, 72 A.3d 264, 269 (Pa. Super. 2013).  "This Court will reverse a trial court's order denying a civil contempt petition only upon a showing that the trial court misapplied the law or exercised its discretion in a manner lacking reason."  ***Id***. at 892.  "If a trial court, in reaching its conclusion, overrides or misapplies the law or exercises judgment which is manifestly unreasonable, or reaches a conclusion that is the result of partiality, prejudice, bias or ill will as shown by the evidence of record, then discretion is abused." ***Cunningham v. Cunningham***, 182 A.3d 464, 471 (Pa. Super. 2018) (citation omitted).[3]  In proceedings for civil contempt of court, the general rule is that the burden of proof rests with the complaining party to demonstrate that the defendant is in non-compliance with a court order. ***MacDougall***, 49 A.3d at 892.

Feingold essentially asked the trial court to hold another attorney in contempt of court and sanction him for actions that occurred 23 years ago.[4] However, Feingold did not produce the 1995 order he claims was violated and

---

[3] On appeal, Feingold has not identified this Court's appropriate standard of review, much less argued that the trial court abused its discretion or misapplied the law.  Instead, Feingold incorrectly states that our standard of review is *de novo*.  Feingold's Brief at 4.

[4] In a separate lawsuit, Feingold sued Attorney Aversa for his failure to pay the same fees and costs under the same March 3, 1995 court order.  The trial court dismissed his claim and this Court affirmed.  ***Feingold v. Aversa***, 2292 EDA 2018, 2019 WL 1760283 (Pa. Super. 2019) (affirming the trial court's dismissal of Feingold's complaint seeking his portion of fees and costs in the ***Gokalp v. Swank*** matter, for frivolity pursuant to Rule 240(j)(1)).

the record was destroyed in 2006. Thus, he was unable to meet his burden of proof.

The trial court determined that Feingold's motion for contempt and sanctions was patently untimely and that, due to Feingold's delay, no records are available to confirm his allegations. As the court observed:

> While [the trial court] can confirm that the underlying matter settled on August 17, 1995, and that an order was entered on March 3, 1995, the records for the matter were destroyed on October 2, 2006. Therefore, [the trial court] is unable to corroborate any of [Feingold's] claims as to the underlying dispute and its relation to the present matter.

T.C.O., 10/31/18, at 2.

Additionally, the trial court found Attorney Aversa was prejudiced by Feingold's delay in bringing the motion for three reasons: "1) there are no records available for the underlying matter, 2) the firm whose account the funds were to be deposited into has not existed for eighteen (18) years, and moreover, 3) twenty three (23) years have elapsed since the matter settled in 1995." T.C.O., 10/31/18 at 3.

Based on our review, we cannot find that the trial court misapplied the law or abused its discretion in denying Feingold's motion for contempt and sanctions. It simply refused to hold an attorney in contempt or award sanctions for an alleged violation of a 23-year-old order that Feingold did not attach to his motion and no longer exists.

As Feingold failed to meet his burden of establishing contempt, we affirm the trial court's order denying his motion.

- 4 -

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/24/19</u>